IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EDWARD TUCKER,

    Plaintiff,

vs.                                    No. 04-2968-D/An

JEFF PHIPPS,

    Defendant.

---

ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Edward Tucker, Tennessee Department of Correction prisoner number 140105, who was, at the time he commenced this action, an inmate at the Fayette County Jail ("Jail")[1] in Covington, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on November 26, 2004, along with a motion seeking leave to proceed in forma pauperis. The Clerk shall record the defendant as Fayette County Deputy Jailer Jeff Phipps.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit. Although plaintiff has not submitted an inmate trust fund account statement, he has stated in his affidavit that the Jail does not maintain inmate trust fund accounts. As the Sixth Circuit has noted, "[t]he key to the assessment procedure is the trust account." McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997). Where, as here, the prisoner has submitted an in forma pauperis affidavit that purports to show that she has no assets, and the Jail does not maintain inmate trust fund accounts, there appears to be no practicable way for the Court to implement the PLRA.[3] Nonetheless, because the PLRA does not permit the plaintiff to proceed in forma pauperis, plaintiff remains obligated to pay the filing fee in the event he is transferred to an institution that maintains inmate trust fund accounts.[4]

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this

---

[2] Although the civil filing fee was increased to $250 effective March 7, 2005, plaintiff is only liable for the former $150 fee because this action was filed prior to that date.

[3] Under these circumstances, the Court will proceed to screen plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Cf. McGore, 114 F.3d at 606 (where a prisoner has no funds in his trust fund account, the district court should assess the filing fee and let the case proceed to screening).

[4] A transfer is apparently likely in this case, as the Court understands the plaintiff is serving a sentence in TDOC custody.

order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from each plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to that plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until each plaintiff's share of the $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify the plaintiff's name and the case number on the first page of this order.

If a plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of her change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If a plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the Fayette County sheriff and to the Fayette County Jail Administrator.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiffs' Claims</u>

The factual allegations of the complaint consist, in their entirety, of the statement that, on November 11, 2004, he was returned to a holding cell and refused medical care by the defendant. The plaintiff seeks monetary damages.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

4

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.[5]

The complaint does not state an Eighth Amendment claim.[6] The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

---

[5] Although the Court ordinarily would consider, as a threshold matter, whether the plaintiff exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), in this case the plaintiff has alleged that the Jail does not maintain an inmate grievance mechanism.

[6] Convicted inmates' rights stem from the Eighth Amendment, while pre-trial detainees' rights stem from the Fourteenth Amendment. Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). The scope of a detainee's Fourteenth Amendment rights are equivalent to that of a convicted inmate under the Eighth Amendment. Thompson, 29 F.3d at 242; Roberts, 773 F.2d at 723; see also Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993); Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993). See generally Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Vineyard v. County of Murray, 990 F.2d 1207, 1211-12 (11th Cir. 1993); Gilland v. Owens, 718 F. Supp. 665, 682-83 (W.D. Tenn. 1989). In this case, it is not clear whether the plaintiff was a pretrial detainee at the time of the incident in question. As the scope of his rights are equivalent in any event, the Court will analyze his claims under Eighth Amendment principles.

The Eighth Amendment proscription of cruel and unusual punishment prohibits prison authorities from displaying deliberate indifference to the serious medical needs of prisoners, because such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Thus a claim for denial of medical care under Estelle consists of both an objective and a subjective component: the seriousness of the medical need (objective component) and the deliberate indifference of the prison authorities (subjective component).

"A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To establish deliberate indifference the inmate must show that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835. Thus,

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and

6

> unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he **should have perceived but did not**, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

<u>Id.</u> at 837-38 (emphasis added; citations omitted).

The allegations of the plaintiff's complaint are insufficient to establish either the objective or the subjective component of an Eighth Amendment violation. The complaint sets forth no facts indicating that the plaintiff suffered from a serious medical condition on November 11, 2004. The complaint also does not allege that the plaintiff made his condition known to defendant Phipps, or that his conditions would have been obvious to Phipps. Finally, the complaint does not allege that the plaintiff suffered any injury as a result of the failure to provide him with medical care on November 11, 2004.[7]

The Court therefore DISMISSES the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief can be granted.

---

[7] The Court ordinarily would order the plaintiff to amend his complaint to cure these deficiencies. Such a course is, however, unavailable when a Court is screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>Baxter v. Rose</u>, 305 F.3d 486, 488-89 (6th Cir. 2002) (holding that an inmate may not amend his complaint to cure a failure to plead exhaustion; "The bar on amendment similarly serves the purpose of the heightened pleading requirement, permitting courts to assess the fundamental viability of the claim on the basis of the initial complaint. The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement."); <u>McGore</u>, 114 F.3d at 612. Under these circumstances, the appropriate course is to dismiss the complaint without prejudice to the plaintiff's right to commence a new action concerning the same subject matter.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[8] In <u>McGore v. Wrigglesworth</u>, 114 F.3d at 610-11, the Sixth Circuit set out

---

[8] Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

8

specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim or as frivolous.

IT IS SO ORDERED this 25th day of April, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02968 was distributed by fax, mail, or direct printing on April 29, 2005 to the parties listed.

---

Edward Tucker
FAYETTE COUNTY JAIL
P.O. Box 219
Somerville, TN 38068

Honorable Bernice Donald
US DISTRICT COURT